| | | | |
|---|---|---|---|
| Case No. | CV 18-2128 FMO (RAOx) | Date | **March 27, 2018** |
| Title | **Aisha McKinney-Wendt v. Sit 'N Sleep, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

On January 3, 2018, Aisha McKinney-Wendt ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Sit 'N Sleep, Inc. ("defendant"), asserting a claim for violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Complaint at ¶¶ 43-50). On March 14, 2018, defendant removed the instant action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, NOR at ¶ 4). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2128 FMO (RAOx) | Date | **March 27, 2018** |
|---|---|---|---|
| Title | **Aisha McKinney-Wendt v. Sit 'N Sleep, Inc.** | | |

expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

## DISCUSSION

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2128 FMO (RAOx) | Date | **March 27, 2018** |
|---|---|---|---|
| Title | **Aisha McKinney-Wendt v. Sit 'N Sleep, Inc.** | | |

1441(a);[2] Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

The Complaint asserts only a single state-law claim under the Unruh Act. (Dkt. 1-1, Complaint at ¶¶ 43-50). Defendant, however, asserts in conclusory fashion that federal question jurisdiction exists because "it arises under" the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, et seq. (See Dkt. 1, NOR at ¶ 4). However, the fact that plaintiff relies in part on ADA violations as the basis for her Unruh Act claim is insufficient to confer federal question jurisdiction. See Rios v. New York and Company, Inc., 2017 WL 3575220, *2 (C.D. Cal. 2017) (finding plaintiff's reliance on ADA violations as a hook for violation of the Unruh Act did not confer federal question jurisdiction); Thurston v. Omni Hotels Management Corporation, 2017 WL 3034333 (C.D. Cal. 2017) (granting plaintiff's motion to remand Unruh Act claim premised on ADA violations); see also Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983), superseded by statute on other grounds, as recognized in DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 2017 WL 1075050, *4 (9th Cir. 2017) ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 275 Magnolia, Long Beach, CA 90802, for lack of subject

---

[2] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-2128 FMO (RAOx)** | Date | **March 27, 2018** |
|---|---|---|---|
| Title | **Aisha McKinney-Wendt v. Sit 'N Sleep, Inc.** | | |

matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer      vdr